argument not to Mr. Nelson, you may proceed. Good morning. Good morning. Good morning. Your honors, I have reserved three minutes for rebuttal. Well, okay. Thank you. May it please the court. Your honors, my name is Jesse Nelson. I represent the appellant Marina Debity. We're before your honors on two issues. Issue number one we submit is a is a issue of a clear error of law and it pertains to the application of Rule 49 of the Federal Rules of Civil Procedure specifically as to whether subsection A would apply or does apply versus subsection B. It is our position, your honors, that the correct rule of law that should have applied to the interpretation of the jury's verdict in this case is subsection B. Well, so you agree this is a general verdict form? That is our position, absolutely. And I'm sorry, you're saying which subsection? B. Which? Give me the whole the whole rule. Absolutely. Yes. 49 what? 49A is the special verdict and that's what the magistrate judge found here and that's what we say is clear error. Subsection? So it's not a special verdict? It's not a special verdict. It's a general verdict with questions. B what? So B is just with questions. So 49B is a general verdict with answers to the question. Which situation are we in, I guess? We have an inconsistent answer somewhere in here. Yes. You have two options, three and four, as to, you know, inconsistent answer situations. Where do you think we land here? There's 43A, there's 43B3, and then there's 43B4. Your honor, the answer is both or either. In this, let's go through them. Sure. Okay, so it says the answers are consistent with each other, right? So there's no inconsistency between the answers themselves, but one of them is, at least, is inconsistent with the general verdict, right? Yes. What that, do you think that's the case here? So I think that's the lesser likely of the two. Well, but I can't say it doesn't apply. There's an inconsistency between, there's no, I'll tell you, I mean, I don't see any inconsistency between the answers to questions one, two, and, well, one and two, there's no inconsistency there. Right, right. Yeah, I mean, the person had a lower wage scale, but it wasn't because of her sex. Those, that's two answers, and then there, well, and the retaliation, that's not, there's no inconsistency so far. Saying that her damages are a certain amount or would be, maybe, I mean, is that inconsistent with anything? It is, your honor, for a couple of reasons. First is what the Supreme Court says that an Equal Pay Act and a Title VII violation means versus, for example, a tort type of a damage. It said, the Supreme Court says Title VII violations, when there's a finding, this amounts to a legal injury. These are not factual issues. This is not a factual scenario of simply she was damaged, but it could have been attributable to something that's not a legal injury, which is what, frankly, the Supreme Court, or I'm sorry, not the Supreme Court, the Seventh Circuit had found in the case that the court did rely on, which, again, was not even under this rule, part and parcel of the clear error, was that perhaps the damages were due to behavior that wasn't illegal. Well, that's a totally different ball of wax than what we have here, and so to your point, Judge Kethledge, of is it inconsistent? It is because, essentially, you have, at some level, a finding of no legal injury and a finding of a legal injury. If you look at this, one could construe this verdict form as a finding of no discrimination in violation of the law, no retaliation, and your damages from either your discrimination or your retaliation claim are a couple hundred thousand dollars. Right. You would say that's an inconsistency? Absolutely, I would say that. Okay, so there is an inconsistency with each other, and so that would take us out of three. I mean, three says when the answers are consistent with each other. And I think the point, and that's why I said I think it would be less likely under three, but what I meant by that is there are answers that are consistent with each other, and you pointed them out, Your Honor, but that doesn't mean all of them are consistent. It's a subtle inconsistency. It's a tension almost, but it really is kind of inconsistent. How do you view, I mean, we're using the words answers and verdict, and we've got the verdict form. What do you consider to be the verdict from the verdict form? So the general verdict is who wins. Okay, and is there a particular, what verbiage would you look to on the verdict form to find that verdict? Because it doesn't say, I have the verdict and the verdicts are interspersed with the ultimate answer. That's hard to say. Did the plaintiff prove by preponderance of the evidence that defendant used a lower scale for setting a wage? Then it goes into the questions, right? And I believe the case law allows a scenario where I can't point, Your Honor, to a specific and clear general verdict here. By definition, there's not a part that says. The form's not very good in that regard, all right? Isn't this a special verdict? Doesn't this 49A then? Why not? The court may require the jury to return a special verdict on special written findings as to each issue of fact. Fact, did plaintiff prove by a preponderance of evidence this? Did defendant prove this? Did defendant do that? Why are those not findings of fact? With respect, Judge Griffin, I believe that's the strongest of our arguments as to why that's an incorrect interpretation. And that is this. This court and every court that has tried to decide and decipher the difference between special verdict and the general verdict with questions, it all comes down to what did the judge instruct the jury about? And so that's where this court in the Portage 2 case gives a thorough explanation, but the Sixth Circuit is not alone in this, that if the judge instructs the jury on the elements of the claim and instructs the jury that its job and responsibility is to apply those legal instructions to the facts, by definition, it is no longer a special jury verdict. And the case law is clear. Irrespective of what the written document says, you say, okay, this would be a special verdict form under the definition of 49A, had he not given instructions? Is that what you're saying, that that somehow modifies the language of 49A? So first of all, I think, yes, it does in a way. So how I would answer your question there, Judge Griffin, is, first of all, the verdict form is not resolving each issue of fact, which is what a special verdict is. So it already doesn't. Well, it resolves all the critical issues, does it not? But that's not what it says. It doesn't say just the most critical issues. It says each issue of fact in the case. Okay, so you don't have a special, I don't even understand what you're saying. Okay, so for example, let me give you an example. Would a special verdict form, I mean, just trying to work through the question Judge Griffin raises, would a special verdict form refer to your verdict? I mean, like number three here says, if your verdict is for the plaintiff on either claim, then what are her damages? Would a special verdict? Absolutely not. And in preponderance of the evidence, so for example, it says jobs at issue involve substantially skill, effort, and responsibility, right? Well, if there's questions of fact built in there, so is there? If that was a determinative issue of fact, so the judge sends that to the jury, and I want you to answer a special verdict as to exactly what you said, and that's going to decide the case. But here, I mean, the judge basically did the same thing as to, did they prove by a preponderance of the evidence of this or that? And did they prove this or that? And it is not general. A general verdict is you find in favor of the plaintiff, defendant, what are the damages? Here, you've got specific questions that have specific facts, and then you actually have the damages broken down, and I recognize that they are only, number three was only supposed to be answered if you'd answered the other way on one and two, but I've actually seen this before. But they'll say what the damages would have been. And it's not unusual. They'll spend a lot of time in a jury room figuring out damages because the attorneys argue them. And sometimes they think it might be helpful for everybody to know what the damages are in case they're wrong on the other two. But anyway, I view this as a special verdict myself. Judge, I would ask that if you look at Portage 2 and what the Sixth Circuit has said in terms of what a special verdict is versus what we have here in terms of what, please do, and I believe you'll see that it just doesn't meet the definition of a special verdict. The defense has never asserted it was a special verdict. That's something that the magistrate judge found sua sponte. We pointed out originally, like, look, judge, this is why the verdict is inconsistent. This is what you must do. She, and then the defendant, did not agree, did not disagree with that. They argued on the issue of consistency, but not what kind of a verdict it was. We're reviewing the magistrate's decision, are we not? You are, your honor, yes. You have to establish reverse order where the magistrate reconciled the answers to the special verdicts 1, 2, and 3, and basically they said that they needed not go to number 3, but they did anyway, but that doesn't change the merits of their answers to questions 1 and 2. It's hard for me to say how it does change the merits of it. They made a mistake. They should not have gone to number 3, but they did anyway. So, I mean, the magistrate said it was basically harmless. Interesting what damages they would have awarded, but it doesn't affect their answers to 1 and 2. I believe it does, Judge Griffin, respectfully, to your position. Because they made a mistake. Because of what that mistake meant in light of the instructions, in light of the jury instructions, and so if we're talking about hypothetically of, right, it's just here's a form and you do what you need to do, then yes. But I believe that what all the law says is that you have to view it in light of what the jury's instructed about. So what does it mean to find in favor of the plaintiff, right? And if your verdict is in favor of the plaintiff, what are the damages they found in favor of the plaintiff and gave damages? And so I believe if you look at that, that's where the distinction lies. So you think this is B4 at the end of the day? Yes. Okay. Let me, can I ask just one more question? I think at one point you said it could be B3 or B4. Would you agree that if it's under B3, the district court would have some ability to not order a new trial that you could actually, that the district court could, in essence, evaluate whether or not you could come up with a judgment based on the answers? The reason I say no is because of exactly what this form is. Now could there be a scenario under B3? But under the rule itself it seems to contemplate you don't have to order a new trial if you're under 3, but you do under 4. According to the answers, notwithstanding the general verdict. And I think therein lies the problem, right? Is notwithstanding the general verdict. So are you going to grant? I guess what I'm saying is if you were to discern, say for instance, question 3 being the general verdict and question 1 being special questions, you could under 3 look at the answers to question 1 and enter that as the verdict and ignore question 3. I think there is a scenario where that could happen, your honor. And had the magistrate judge viewed it under the correct subsection here, then we would be arguing an entirely different set of... Right, but the magistrate really hasn't looked at 3 yet, nor has it looked at 4. Correct. So if we were to go either of those routes, we would need to remand it for the magistrate judge to look at it under the right section. And we would be arguing an entirely different set of arguments as to why it doesn't apply as you said it could, because you're right, it very much could, and we acknowledge that. How long was your trial? About 3 days. Thanks. Yes, sir. Thank you. May it please the court, I'm Arthur Knight of the Knoxville Bar. I represent the Monroe County Board of Education. This was, I think, trial commenced May 22, 2023 and then ended on May 25, 2023. So it was 3 days, I believe. It was tried and litigated. The form was submitted. I think Mr. Nelson drafted it. It was submitted jointly, however. And it did contain the questions that were asked. Now what counsel is complaining about, I think, is more of the directional instructions, because everything substantive or to the merits is no liability. And the magistrate correctly, I believe, determined that 1, it was a special verdict form, but 2, she has a duty to harmonize the verdict if she can. Well, she took a look at it, answered a 1A, yes. Answered a 1B, yes. And therein lies the problem that maybe the jury thought, well, I guess since we answered to 1A, we can go ahead and advise the parties of damages that we would have awarded. I don't know. Neither one of us was back in the jury room. I mean, so you think it's a special verdict form? Yes, sir. But it's a, I mean, a special verdict, correct me if I'm wrong, but a special verdict is where the jury just makes findings of fact and doesn't say this party wins and if it's the plaintiff, the plaintiff gets this amount, right? Correct. And so it would be odd, wouldn't it, in a special verdict form to refer, as question 3 does, to if your verdict is for the plaintiff. I mean, they don't have a verdict in that sense. For plaintiff. I mean, right? Correct. So, I mean, it might just, there's like an incoherency here, right? But isn't that an argument that this is not a special verdict form? Clearly, Your Honor, the jury was asked to answer these questions that go to the heart of the Equal Pay Act and the other statutes that they sued under. They answered, I'm sorry. I'd like you to address the point I was making to your fellow counsel at the end of looking at this form as a general verdict with special questions or answers, but the answers are not inconsistent therefore, or the answers are inconsistent with the verdict, but they're not inconsistent with each other. Therefore, we go under 49B3 as opposed to 49B4. That would be my understanding. Yeah, if we went that route, and that would be a remand for the district court to do that analysis. That's my understanding. What's your reason why we shouldn't go that route or reasons? Well, respectfully, the jury answered this substantive law questions in the favor of the defendant. The district court had a duty to harmonize the verdict. She did. She found no liability. The fact that the jury felt like because of the way the form is listed and the transitional language doesn't refer to 1B, it just refers to 1A, so they answered yes to 1A, so they may have thought, I don't know, I wasn't there, in that jury room, that they answer damaged questions. And I guess my point in trying the case and in this argument is to simplify it as much as possible, which is, look, the theme of this case is no good deed goes unpunished. Mr. Ferguson, they spend a lot of time citing his testimony, Monroe County, which is a very rural county in Tennessee, doesn't ever have, well, they did at one point, four psychologists. They budget for four. When Hansel was hired, they had two. And when Ms. Debadee applied, they already had a full slate. If they would have just stuck with, we're full, I'm sorry, we don't have anything to offer you, none of us would be here. But what he did was he tried to do some things with people retiring, replacing retired teachers with assistants, and maybe asking a teacher that may be ending on retiring to come back as an assistant, maybe work part-time, so he could have the $60,000 or $60,001 or $61,000 to hire another school psychologist because, and I think this is not in the record, but the motive here is she's from Monroe County. She's been in our school system for 13 years, and I think she's more likely to stay if we can make some accommodation to get her to stay. And so their in-laws, this is not a there's an open position and she's not paid what Mr. Hansel was paid. It's a situation where he's going out and trying to create, in the budget, a position for her. And I think that resonated, I hope. This isn't really germane to which box are we in in Rule 4. No, it's not. It's a long morning. It really has, and I appreciate that with the first case. We were listening very intently and remarking that I hope we don't get that detailed questions, because we won't be able to answer them. This is the court's form. The court relied on the jury's answers to what is to the heart of it. Was there an Equal Pay Act violation, Title 7 violation, Tension of Human Rights Act violation, all based on the Equal Pay Act? No. No liability. They went on and they answered damages. We wouldn't be here if they hadn't. If they just, if it was blank. The reason that he, that Mr. Nelson is saying it's inconsistent is because damages were filled out. Why they did it? I don't know. Judge Griffin pointed out that maybe they thought they were being helpful. I don't know. I've known lots of cases that settled after clearing. They filled it out because that's what their instructions told them to do. Right, right. I mean, you know, these are lay people, and they're reading this, you know, form, whatever you want to label it. And, you know, it's like you don't need to answer this, but there's no prohibition against doing it. And, you know, they answered yes to 1A. That was their lower scale. They found yes. See, that's why it's a special verdict. The question 1A, was there a lower scale? Yes or no? They said yes. Okay. Was the special scale due to a factor other than sex? They said yes. Okay. Then did defendant take material adverse action against the plaintiff? No. Nowhere did they render a verdict in favor of plaintiff or defendant. They're answering specific factual questions. One, two, three. I mean, this is the essence of special verdicts. And then what's confusing is that if your verdict was for plaintiff, well, they didn't find a verdict in favor of plaintiff or defendant. All they did was they answered factual questions. So, I mean, that phrase was wrong. Right. You guys both stipulated to it, right? Right. So this was a stipulated verdict form. And then they ended up showing damages. Well, they didn't render a verdict for plaintiff or defendant. And that's why the magistrate threw it out. Anyway, I thought what the magistrate did was very reasonable. I did too. I did. Obviously, I would say yes, she acted reasonably. We'll see what my colleagues think. All right. I don't have any more questions. Okay. All right. Let's hear, well, I've not presided. Sometimes you will. I like to be in charge. I've noticed that. We all do. Judge Gaslage, I've noticed that. Your Honor, one thing I want to clear up, and this is not what I want to use much time to address, is the verdict form, counsel will agree with this, and I've discussed it multiple times, the verdict form that we submitted and agreed on was not the one that the judge used. This is not the one you agreed on? This is not the one we agreed on. Okay. So who put it? You're exculpated. The judge did. The judge did this. How about the language for question number three? That was the judge. That was the judge and counsel. But what did the damage language? Where it changes here about if you answer no, our verdict told me to change. The directional language? Yes. That's the judge. That was the judge. Okay. Your question number three would have read what? It would have told them correctly that if they found, if they checked yes to box 1B, they were not to answer the damages question. It would have instructed them correctly. Our verdict form that we agreed and submitted six weeks before the trial. So the verdict form that you submitted, the implication was that there was a general verdict being rendered for the plaintiff in answering question one, and the damages would just follow in question three. Yes. Our verdict form was correct and instructed them correctly. So in a way, the district court sort of transformed this, if we're going the route of it being special verdicts, by the wording it used in this transitional sentence, transformed it into a special verdict, if you follow the reasoning of what the district court did. If you follow it, yes, I would say yes. The special verdict, the rule says we're supposed to be told that a court intends to use a special verdict, and we were not instructed. You submitted it. We submitted a different form. We submitted a different form. Okay, what other differences did you have than this? There were a couple, but none that were substantive, Judge Griffin. Okay, so you basically, I mean, whether this is a general verdict or special verdict, this is what you came up with other than number three. Other than the mistaken part about one. It's not three that's different, it's the transitional sentence right before three. Yes, different. That's right. Okay, if your answer is no, I see. And I think your submission was, if your answer is no to question 1B and question 2, you do not need to answer question 3. And the court changed it to question 1A instead of question 1B. Yes. And it made a big difference. It made a huge difference, and we didn't know it. If we're going to say this is a general verdict form, so if we look at number three, if your verdict is for the plaintiff on either her discrimination or her retaliation claim, that clause, it's followed by what's the amount of damages. But, I mean, we have to characterize this verdict form, this verdict, one way or another. We've got to put it in one of the Rule 49 boxes to know what to do. And so why shouldn't we say that that first phrase, if your verdict is for the plaintiff on either of these claims, that phrase and the fact that they go on, why wouldn't we say that is itself an implied verdict, that we're ruling for the plaintiff, which is then inconsistent with the questions. I thought when the answers are consistent with each other, so, I mean, doesn't that lead us maybe to 49B3 in the sense that these answers are, I mean, you could say these answers are consistent with each other, but they're inconsistent with the verdict. But you don't want to be in B3. I'm not saying I don't want to be in B3. I think we're less in B3, but you're right. I think that's exactly the point. The jury was instructed on what it meant to render a verdict for the plaintiff, which I think is a critical fact here because, as Judge Griffin said, like it's just factual. No, they were instructed on the law. This is what it means and what you have to find in order to return your verdict for the plaintiff. So when they answered that damages question that says, if your verdict is for the plaintiff, that is a finding of this verdict is for the plaintiff, which is what Your Honor pointed out, and that's... You think, well, so it does fit within three. It does. Then you would discard the other questions, for example. That's bad for you because one of these options is you can approve for entry under Rule 58 in appropriate judgment, notwithstanding, you know, the general verdict. It would be bad for me if Your Honors were to affirm on different grounds than the magistrate judge ever analyzed. My point is the magistrate judge didn't go under B3 and give a rationale. The magistrate judge did something totally different and applied an incorrect error of law, therefore sort of precluding us from even being able to argue the correct... We have a record here. Boy, piecemeal verdict about which part of the rule we're under, and then it goes back and the magistrate says, well, I think it was this one, and then you guys come back. I mean, that's not good for anybody. Shouldn't we just decide based on the record before us which one, call balls and strikes, which one of these things is it and what happens? And under my Issue 2, you can do that very simply because the evidence does not support a checkmark for yes under B, and neither the magistrate judge nor the defendant has showed us where it does. As a matter... But you don't think we need a remand? I think you can enter judgment in our favor for the amount of the verdict. What about the opposite? I don't think you could in that instance, Your Honor. You can't do that. You can't do that. That would be totally inappropriate. Thank you, Mr. Nelson. Thank you. Thank you, judges. Thank you for your time. Please submit it for our next case.